Honorable Judge Timothy W. Dore
Chapter 7

Latife Neu, Attorney at Law PLLC
2701 NW 65th Street
Seattle, WA 98117
P: (206) 297-6349

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>ZENA M. DODSON<br><br>                                     Debtor. | Case No.: 14-18117-TWD |
| ZENA M. DODSON,<br><br>                                     Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>                                     Defendant. | Adv. No:<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT** |

## 1. PARTIES & JURISDICTION

1.1   Plaintiff is the debtor in the above-referenced proceeding. She filed a petition for relief pursuant to Title 11, Chapter 7, on October 28, 2014. She received a discharge of debt on April 2, 2015.

1.2   Defendant is the United States Department of Education ("DOE").

1.3   This case having been closed on April 6, 2015, the Defendant moved this Court for an order reopening this case, and the case was then reopened on October 11, 2022. Plaintiff may serve Defendant United States Department of Education by mailing a copy of the Summons and Complaint to the United States Department of Education by first class mail to the below addresses:

COMPLAINT - 1

*LATIFE NEU ATTORNEY PLLC*
1825 NW 65TH STREET
SEATTLE, WA 98117
P (206) 297-6349 / LATIFE@NEULEGAL.COM

Secretary of Education Miguel Cardona
U.S. Department of Education
400 Maryland Avenue SW
Washington DC 20202

US Attorney
Attn: Civil Process Clerk
700 Stewart Street, Ste 5220
Seattle WA 98101-1271

Attorney General of the United States
Department of Justice
950 Pennsylvania Avenue NW, Room B103
Washington, DC 20530-0001

Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5).

1.4 This Court has jurisdiction over the subject matter as an adversary proceeding under 11 U.S.C §523(a) and 28 U.S.C. § 1334.

1.5 This is a core proceeding. This is a proceeding in which the Court can enter a final judgment and over which the Court has jurisdiction pursuant to Stern v. Marshall, 564 U.S. 293, 131 S.tc. 2594 (2011).

## 2. ACTIONS GIVING RISE TO THE CLAIM

2.1 The Plaintiff attended Griffin Business College ("Griffin") for several semesters beginning in 1988. Griffin was a struggling for-profit school that closed permanently in 1993, in the wake of lawsuits by multiple former students, who alleged they were harmed by Griffin's practices.

2.2 The Plaintiff enrolled at Griffin based on representations by admissions officers that she could earn a Bachelor's degree from the school.

2.3 The Plaintiff was unable to earn a Bachelor's degree because the school closed.

2.4 In the course of pursuing her studies, the Plaintiff was induced to take student loans to pay for her attendance and expenses. According to records available at www.studentaid.gov, $18,955

COMPLAINT - 2

*LATIFE NEU ATTORNEY PLLC*
1825 NW 65TH STREET
SEATTLE, WA 98117
P (206) 297-6349 / LATIFE@NEULEGAL.COM

Case 22-01052-TWD    Doc 1    Filed 10/17/22    Ent. 10/17/22 07:45:39    Pg. 2 of 5

was disbursed to her. The loans taken to attend Griffin Business College are numbered 1 through 6, and shown in **bold** in the table following paragraph 12, below.

2.5 Records available at www.studentaid.gov indicate that the US Department of Education attributes to the debtor a currently owed debt of $78,715, all tracing to $18,955 disbursed between 1988 and 1991. The balance is now held in the form of a Direct Consolidation loan, which is in good standing.

2.6 Records available at www.studentaid.gov show original disbursements and current balances as follows, ordered below by dates of disbursement.

|    | Date | Loan type | Disbursed amt. | Balance |
|----|------|-----------|----------------|---------|
| 1  | **5/31/1988** | **FFELP Stafford Subsidized** | **$2,625** | **$0*** |
| 2  | **1/4/1989** | **Supplemental Loan (SLS)** | **$2,085** | **$0*** |
| 3  | **2/14/1989** | **FFELP Stafford Subsidized** | **$2,245** | **$0*** |
| 4  | **1/8/1990** | **Supplemental Loan (SLS)** | **$4,000** | **$0*** |
| 5  | **2/18/1991** | **Supplemental Loan (SLS)** | **$4,000** | **$0*** |
| 6  | **2/28/1991** | **FFELP Stafford Subsidized** | **$4,000** | **$0*** |
| 7  | 5/6/1994 | FFELP Consolidation | $21,768 | $0* |
| 8  | 11/4/1994 | FFELP Consolidation | $25,448 | $0* |
| 9  | 1/12/1999 | Direct Consolidation Unsubsidized | $36,636 | $0* |
| 10 | 6/22/2005 | FFELP Consolidation | $49,613 | $0* |
| 11 | 1/13/2009 | Direct Consolidation Unsubsidized | $55,519 | $78,715 |

*paid in full through consolidation                    Source: www.studentaid.gov

2.7 Ms. Dodson has worked in public service (government or non-profit employment) for the majority of her 30 year career.

2.8 In 2014, Ms. Dodson filed for Chapter 7 bankruptcy protection and received a discharge. Her student loans were not discharged.

COMPLAINT - 3

*LATIFE NEU ATTORNEY PLLC*
1825 NW 65TH STREET
SEATTLE, WA 98117
P (206) 297-6349 / LATIFE@NEULEGAL.COM

Case 22-01052-TWD    Doc 1    Filed 10/17/22    Ent. 10/17/22 07:45:39    Pg. 3 of 5

2.09    Since entering repayment in the early 1990s, Ms. Dodson has made a good faith effort to repay the loans when and as she was able. When she was unable to afford payments, she was in frequent contact with her loan servicers.

2.10    At age 59, Ms. Dodson supports her two adult daughters, who are both getting on their feet financially, and her granddaughter. She has meager retirement savings and no significant assets.

2.11    Ms. Dodson has worked full time for the Renton School District since 2020. Recently, she has held a second job as a care provider to make ends meet. In the long term, she will not be able to maintain a part time job, in addition to a full time job.

2.12    Ms. Dodson uses her best effort to minimize her expenses. She minimizes entertainment and transportation expenses, and she avoids expensive habits or pastimes. She cuts coupons for groceries and even restricts her food intake to stretch the family food budget.

2.13    Despite maximizing her income and minimizing her expenses, Ms. Dodson is currently unable to repay her student loans without undue hardship to herself and her dependents, given her income and family responsibilities. She is not able to make meaningful payments on her federal student loan balance while maintaining a minimal standard of living.

2.14    Ms. Dodson will not be able to repay her student loans in the future without undue hardship to herself and her dependents, given her employment prospects, age, health, and family responsibilities. Repayment of the balance over an extended period would result in undue hardship after retirement.

2.15    The Plaintiff has carried the debt taken to attend a failed school for over thirty years. It would be a grave injustice to require her to pay another $78,715, plus interest, on this debt.

2.16    The above indicates that Ms. Zena Dodson is entitled to a total hardship discharge pursuant to 11 U.S.C. §523(a)(8). She has met all of the elements of the applicable legal standard, and is eligible for relief in light of applicable statute and case law.

COMPLAINT - 4

*LATIFE NEU ATTORNEY PLLC*
1825 NW 65TH STREET
SEATTLE, WA 98117
P (206) 297-6349 / LATIFE@NEULEGAL.COM

Case 22-01052-TWD    Doc 1    Filed 10/17/22    Ent. 10/17/22 07:45:39    Pg. 4 of 5

## 3. PRAYER FOR RELIEF

THEREFORE, Plaintiff Zena Dodson requests the following:

3.1     That the Court enter an Order declaring her student loans discharged, in their entirety, in this bankruptcy case.

3.2     For other such relief as this Court deems fit.

DATED this 17th day of October, 2022.

Latife Neu, Attorney at Law PLLC

By: */s/ Latife H. Neu*
Latife H. Neu, WSBA #33144
Attorney for Debtor/Plaintiff Zena Dodson

COMPLAINT - 5

*LATIFE NEU ATTORNEY PLLC*
1825 NW 65TH STREET
SEATTLE, WA 98117
P (206) 297-6349 / LATIFE@NEULEGAL.COM

Case 22-01052-TWD    Doc 1    Filed 10/17/22    Ent. 10/17/22 07:45:39    Pg. 5 of 5